# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Michelle Sidney, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Trans Union, LLC, an Illinois limited liability company, | |
| Experian Information Solutions, Inc, a foreign corporation, | |
| LVNV Funding, LLC, a foreign limited liability company, | |
| Portfolio Recovery Associates, LLC, a foreign limited liability company, and | |
| Midland Funding, LLC, a foreign limited liability company, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, MICHELLE SIDNEY, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

1

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Atlanta, Fulton County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Atlanta, Fulton County, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

    b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

    c. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia;

    d. LVNV Funding, LLC ("LVNV") is a foreign limited liability company that conducts business in the State of Georgia;

    e. Portfolio Recovery Associates, LLC ("PRA") is a foreign limited liability company that conducts business in the State of Georgia; and

    f. Midland Funding LLC ("Midland") is a foreign limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. LVNV, PRA and Midland (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax, Trans Union and Experian credit disclosures.

8. Plaintiff no longer disputes these Errant Tradelines.

9. On March 31, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of "account in dispute." On April 7, 2020, she obtained her Experian credit disclosure and also noticed the Errant Tradelines reporting with a notation of "account in dispute."

10. On or about May 21, 2020, Plaintiff submitted separate letters to Equifax, Trans Union and Experian requesting that the credit bureaus remove the notation of "account in dispute."

11. Equifax , Trans Union and Experian forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax, Trans Union and Experian.

12. Equifax, Trans Union, Experian and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

13. In response to Plaintiff's dispute, the Furnishers verified to Equifax, Trans Union and Experian that its reporting of its Errant Tradelines were accurate.

14. Plaintiff had not received neither of Equifax's, Trans Union's nor Experian's investigation results. Therefore, on July 1, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, while she obtained her Experian credit disclosure on July 5, 2020, which showed that Equifax, Trans Union, Experian and the Furnishers failed or refused to remove the notation of "account in dispute."

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LVNV**

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notation, LVNV negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. LVNV negligently failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax, Trans Union and Experian to remove the notation of "accounts in dispute."

19. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, Trans Union and Experian to which it is reporting such tradelines.

20. As a direct and proximate cause of LVNV's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. LVNV is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Plaintiff has a private right of action to assert claims against LVNV arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant LVNV for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LVNV

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, LVNV willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute."

25. LVNV willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of LVNV's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. LVNV is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant LVNV for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRA**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notation, PRA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

30. PRA negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute."

31. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax, Trans Union and Experian to which it is reporting such Tradelines.

32. As a direct and proximate cause of PRA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. PRA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Plaintiff has a private right of action to assert claims against PRA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant PRA for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRA**

8

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, PRA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

37. PRA willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of PRA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. PRA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant PRA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MIDLAND

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Experian and Trans Union of Plaintiff's consumer dispute of the erroneous notation, Midland negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

42. Midland negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Trans Union to remove the notation of "account in dispute."

43. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Experian and Trans Union to which it is reporting such Tradelines.

44. As a direct and proximate cause of Midland's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. Midland is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

46. Plaintiff has a private right of action to assert claims against Midland arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Midland for damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MIDLAND

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by Experian and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Midland willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

49. Midland willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

50. As a direct and proximate cause of Midland's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. Midland is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in

11

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Midland for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

54. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

55. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

56. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

61. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

62. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

13

63. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

68. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

69. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

70. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT X

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

73. Plaintiff realleges the above paragraphs as if recited verbatim.

74. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

75. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

76. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

77. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

78. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

79. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

80. Plaintiff realleges the above paragraphs as if recited verbatim.

81. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

82. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

83. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

84. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

85. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

86. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

87. Plaintiff realleges the above paragraphs as if recited verbatim.

88. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

89. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

90. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

91. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

92. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

93. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 31, 2020

By: */s/ **Matthew Landreau***
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com

*Attorneys for Plaintiff,
Michelle Sidney*